# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* N.S.

No. 18-0143 (Braxton County 17-JA-24)


## MEMORANDUM DECISION

Petitioner Father G.S., by counsel David Karickhoff, appeals the Circuit Court of Braxton County's January 12, 2018, order terminating his parental rights to N.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother. The DHHR alleged that, upon arriving to petitioner's home in order to investigate a report of domestic violence, law enforcement officers found a large amount of drug paraphernalia in the home. Specifically, the officers found methamphetamine, a smoking device, "snort tubes" in a pile of the child's crayons, and large knives in the child's bedroom with her toys. Petitioner was arrested and charged with child neglect creating risk of injury.

The circuit court held an adjudicatory hearing in September of 2017. After hearing evidence, the circuit court found that petitioner abused illegal controlled substances while the child was in his care, custody, and control, and failed to protect the child due to his substance abuse. The circuit court adjudicated petitioner as an abusing parent and granted him supervised visitation with the child subject to him providing negative drug screens.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Petitioner filed a motion for a post-adjudicatory improvement period shortly thereafter, and the circuit court held a hearing on the matter in October of 2017. At the conclusion of the hearing, the circuit court stated that it would take petitioner's motion under advisement, noting that its decision would be dependent upon petitioner's entering an inpatient drug treatment program.

In December of 2017, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. It was reported that petitioner had not enrolled in an inpatient drug treatment program as previously directed. The circuit court continued the hearing, which was reconvened in January of 2018. At the conclusion of the hearing, the circuit court found that petitioner failed to enter an inpatient drug treatment program, comply with drug screens, and prove that he would comply with the terms and conditions of an improvement period. The circuit court also found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. Ultimately, the circuit court denied petitioner's request for an improvement period and terminated his parental rights. It is from the January 12, 2018, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. Specifically, petitioner argues that the circuit court should have granted him the opportunity to participate in services to correct the conditions of abuse because he had never been involved in child abuse and neglect proceedings prior to the underlying proceedings. We disagree. The decision to grant or deny an improvement period rests

---

[2]The mother is currently participating in an improvement period and the permanency plan is for the child to return to her care pending her successful completion of the improvement period. The concurrent permanency plan is adoption by a relative.

in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period. . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Petitioner failed to demonstrate that he was likely to fully participate in an improvement period. He requested a post-adjudicatory improvement period and was informed that the circuit court's decision to grant him the same was contingent upon his entering an inpatient drug treatment program. However, petitioner subsequently failed to comply with this order and failed to attend his dispositional hearing. The hearing was continued, providing petitioner with more time to comply, but he failed to do so. Further, petitioner also failed to comply with requests to provide drug screens, and he tested positive for controlled substances on the few occasions he did comply. As such, petitioner did not show that he was likely to fully participate in an improvement period and the circuit court did not err in denying him the same.

Moreover, the circuit court did not err in terminating petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

As mentioned above, petitioner was ordered to enter an inpatient drug treatment program, but failed to comply. Petitioner was also granted supervised visitation with the child subject to him providing negative drug screens, but either failed to provide drug screens or tested positive for controlled substances when he did provide screens. As such, petitioner was unable to participate in supervised visitation. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. at 90 n.14, 479 S.E.2d at 600 n.14 (citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Based on the evidence, the circuit court correctly found that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the child's welfare.

Further, while petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). After reviewing the record, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, because the proceedings in circuit court regarding the mother are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va. Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

4

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 12, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 15, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating

5